**ALEXANDER et al. v. GREER et al.**

**No. 11925.**

Circuit Court of Appeals, Fifth Circuit.

June 12, 1947.

Morris Harrell, of Dallas, Tex. Wm. J. Fanning, of Sulphur Springs, Tex., and W. J. Holt, of Dallas, Tex., for appellants.

Bruce Allen, Asst. Atty. Gen., of Texas, for appellees.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Jim Berry Banks, operating under a trade-name, was a dealer in secondhand automobiles who was adjudged a bankrupt in October, 1946. The trustee in bankruptcy thought that sixty-five automobiles had shortly before been transferred illegally or in fraud of creditors, and especially of Miss Curtis, who was advancing money to Banks on cars as Banks could buy them, giving her mortgages on them and depositing also with her the certificates of title which Banks received with them, but without obtaining certificates in his own name and having her lien noted on them as required by the

Texas Motor Vehicle Certificate of Title Act, Vernon's Ann.Penal Code, Art. 1436—1. Their plan was that when he sold a car he would redeem from Miss Curtis its certificate and then surrender it for a certificate issued to the purchaser. Though the cars in question were sold or otherwise transferred by Banks he had not redeemed the certificates held by Miss Curtis, and it could not at first be ascertained who the transferees were, but a few applied to the Title Division of the Motor Vehicle Department of the State Highway Department, which had the power and duty of issuing title certificates, making affidavit that the certificates for their cars were lost, and asking that new ones be issued as required by the law. The attorney for Miss Curtis informed the proper officials that the certificates were not lost but held by Miss Curtis, and exhibited them, but the officials took the position that they had no power to decide the facts but were a mere recording agency and must issue a new certificate where a proper affidavit was presented and would do so unless prevented by a court of competent jurisdiction. The trustee in bankruptcy then filed a petition before the referee against these officials and all persons (not named) having possession of sixty-five particularly described automobiles, asserting that the estate had an interest in the cars which would be jeopardized or lost if certificates of title were issued to those possessors who by virtue of the certificates could sell or make way with the cars; and because these persons were unknown there was a prayer for temporary injunction against the officials to prevent issuance of the certificates. A restraining order was issued, and ten days later a full hearing was had. The Attorney General of Texas appeared for the officials and moved to dismiss the proceedings because in effect against the State without its consent; because the matter was not within the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., or the referee's authority; because the suit sought to compel refusal of acts within the discretion of the Highway Department; or because the acts sought to be enjoined were ministerial acts required by statute; and for other reasons. The referee granted a temporary injunction until further order. The trustee filed a supplemental pleading naming Miss Curtis as a party, and F. L. Young who claimed interests similar to hers in some of the cars, and forty-two other residents of Texas to each of whom a car had been transferred, the prayers being in addition to those first made that each new defendant be served and that the rights and equities of all parties be determined and that possession and title of the cars be awarded to the trustee. In this shape the matter was certified for review to the district judge, who set aside the injunction, without formal findings of fact and conclusions of law. The trustee appeals.

The brief opinion of the judge does not express with clarity the precise reasons for the judgment. He does not say, and we do not think, the suit is against the State of Texas. It concerns only the title and interests of private persons. All that was asked of the subordinate officials sued, who claim to act only ministerially, was that they do not complicate the title of these persons until their rights should be ascertained. The officials in one of their letters indicated that they thought court action would be proper. In the situation presented by the original petition, while the possessors of the automobiles were unknown, an injunction might have been necessary and proper against the State officials; but at the time the district judge acted the possessors were known and their particular address alleged, they had been ordered served and probably had been served, though this does not appear. There was no reason apparent why any could not be served. With all claimants thus before the court, they could if necessary be enjoined from appling for or receiving or transferring title certificates. There was no longer need to enjoin the State officials; and this should not be undertaken by a federal court unnecessarily. We express no opinion as to their official duties under the State law, nor as to what interest or title, if any, the unofficial parties may have. We hold merely that the judge did not abuse his discretion in dissolving the injunction against the official defendants.

Affirmed.